[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12053
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:08-cv-02071-KOB

CARLA MIZE,
on behalf of D.I.M.

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 3, 2011)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Carla Mize appeals the district court's order affirming the Commissioner's denial of her claim, filed on behalf of her minor son, D.I.M., for Supplemental Security Income ("SSI") benefits. Mize argues that the Administrative Law Judge's ("ALJ") denial of benefits was not supported by substantial evidence. After thorough review, we affirm.

I.

We review de novo a district court's judgment reviewing a decision of the Commission of Social Security. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). In such cases, we review the agency's decision to determine if it is supported by substantial evidence. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted). We must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## II.

Mize first argues that the ALJ erred by discrediting her opinion and the opinions of her son's teachers and treating physicians in concluding that her son did not suffer from a disability. "Absent good cause, an ALJ is to give the medical opinions of treating physicians substantial or considerable weight." Winschel v. Comm'r Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation marks omitted). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Id.

The ALJ properly gave considerable weight to the opinions of D.I.M.'s treating physicians when determining whether D.I.M. was disabled. According to the ALJ, he accorded the treating physicians' opinions "controlling" weight. The ALJ noted that D.I.M.'s pediatrician reported that D.I.M.'s asthma was controlled relatively well with medication, he had no restriction on his physical activities, and that he had a good prognosis. The ALJ acknowledged that D.I.M.'s other treating physician, Dr. Grad, reported that D.I.M. was "doing great" on his medications. Moreover, the ALJ observed that recent medical records indicated that D.I.M's asthma and sleep apnea were "well controlled." We therefore conclude that the ALJ properly accorded substantial or considerable weight to the opinions of D.I.M.'s treating physicians. See Winschel, 631 F.3d at 1179.

The ALJ also considered the opinions of Mize and D.I.M.'s school teachers in concluding that D.I.M.'s impairments did not constitute a disability. The reports from D.I.M.'s teachers revealed that he had "some slight problems at school secondary to his impairments, but none that have significantly curtailed him in regular classroom placement." Similarly, while Mize testified that she had taken D.I.M. to the emergency room on several occasions, the treatment D.I.M. received and the number of hospital visits did not rise to the severity level required by the regulations. See Listing 103.03(B) (providing that the child must suffer asthma attacks requiring physician intervention at least once every two months or at least six times a year). We therefore conclude that Mize's argument that the ALJ ignored her opinion and those of D.I.M.'s teachers lacks merit.

### III.

Mize next argues that the ALJ erred in finding that D.I.M.'s impairments did not constitute a disability. An ALJ must conduct a three-part sequential analysis to determine whether a child is entitled to disability benefits. See 20 C.F.R. § 416.924(a). The ALJ first must determine whether the child is engaged in substantial gainful activity. See id. If the child is engaged in such activity, then he is neither disabled nor eligible for benefits. If the child is not engaged in substantial gainful activity, the ALJ next determines whether the child has an

4

impairment or combination of impairments that is severe.  Id.  If the child does not suffer from a severe impairment or combination of impairments, the child is ineligible for benefits.  But if the child has a severe impairment, the ALJ finally determines whether the child's impairment meets, or is medically or functionally equal to, an impairment included in the listing of impairments.  Id.  If the child's impairment is a "slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations" the child is ineligible for benefits.  20 C.F.R. § 416.924(c).

Substantial evidence supports the ALJ's finding that Mize's minor child did not suffer from an impairment or combination of impairments that met, medically equaled, or functionally equaled any of the listed impairments.  To qualify for SSI benefits for asthma, the child must experience asthma attacks, "in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year" over a consecutive twelve-month period.  See Listing 103.03(B).  During the relevant twelve-month period, D.I.M. had only four non-routine visits to a doctor as a result of his asthma.  Substantial evidence also supports the ALJ's finding that D.I.M.'s impairments did not functionally equal any of the listings.  One of D.I.M.'s treating physicians indicated that D.I.M.'s asthma *may* restrict his physical activities, but he noted that

5

such restrictions would only occur when D.I.M. experienced an exacerbation of his usual symptoms.  In light of D.I.M.'s medical record and the opinions of his treating physicians, we conclude that substantial evidence supports the ALJ's denial of D.I.M.'s claim.

IV.

Mize finally argues that the ALJ erred by failing to fully develop the record by seeking further medical review.  "The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."  Ingram, 496 F.3d at 1269.  Here, the record before the ALJ was sufficient such that the ALJ had no duty to develop it further.  The administrative record included opinions from D.I.M.'s treating physicians as well as D.I.M's medical records.  It also included anecdotal evidence from D.I.M.'s teachers.  We conclude that the ALJ did not err in finding that the record was sufficient to make an informed decision about D.I.M.'s impairments.

For all these reasons, we **AFFIRM** the decision of the district court affirming the ALJ's denial of SSI benefits.

AFFIRMED.